UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ernest Lincoln Bonner, Jr., M.D. | No. 2:17-cv-00445-KJM-JDP |
| Plaintiffs, | ORDER |
| v. | |
| Medical Board of California, et al., | |
| Defendants. | |

Attorney Allen Hassan moves to withdraw as counsel for plaintiff Ernest Bonner, which would leave Mr. Bonner without counsel. ECF No. 76. No party filed an opposition or statement of non-opposition. As explained in this order, the motion is granted. Additionally, this case and pending deadlines are stayed for thirty days to enable plaintiff to find counsel if he so desires.

If withdrawal would leave a client *in propria persona*, Local Rule 182(d) requires the withdrawing party to seek leave of court, file a formal motion and provide notice of the withdrawal to the client and all other parties who have appeared. The attorney must also provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. *Id.* Withdrawal must also comply with the Rules of Professional Conduct of the State Bar of California. *Id.* Rule 1.16 requires an attorney to take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel, and complying

1

with paragraph (e)," which in turn requires counsel to return the client's materials and property and any expenses or fees paid in advance that the lawyer has not earned or incurred. The Rules also permit withdrawal if, as relevant here, "the client knowingly and freely assents to termination of the representation." Cal. R. Prof. Conduct 1.16(b)(6).

Whether to grant a motion to withdraw is within the court's discretion. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Courts consider several factors when evaluating a motion to withdraw, including the reasons for withdrawal, possible prejudice to the client and other litigants, harm to the administration of justice, and possible delay. *Deal v. Countrywide Home Loans*, No. 09-01643, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010) (citation omitted).

Mr. Hassan has not complied the rules described above. While he has requested leave to withdraw in a formal motion and submitted an affidavit with Mr. Bonner's current address, he has not noticed the motion. *See* ECF No. 76. However, Mr. Hassan seeks to withdraw as he has been suspended from the practice of law in California for one year. Ex. 1 at 5, ECF No. 76. Therefore, as the relevant factors weigh in favor of this motion, this court will grant the motion despite its procedural defects. No party opposes the motion, Mr. Bonner has confirmed he would like to proceed without counsel, and the court perceives no likely delays or harms to the administration of justice if the motion is granted. However, the court stays this case for 30 days to allow plaintiff to find alternate counsel if he so desires.

The motion is thus **granted**. Mr. Allen Hassan is **terminated** as counsel in this proceeding. The case is **stayed** for thirty days.

IT IS SO ORDERED.

DATED: November 30, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE